UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------

MARIA ESTHER REYES,

                    Plaintiff,

          v.

NEW YORK PRESBYTERIAN HOSPITAL; DR.
MANMEE K. MALIK MD; DR. JERRY
CHANG; DR. AKKAMMA RAVI MD,

                    Defendants.

---------------------------------X

**MEMORANDUM & ORDER**
20-CV-3046 (KAM)(ST)

**MATSUMOTO, United States District Judge:**

On July 6, 2020, *pro se* plaintiff Maria Esther Reyes filed this *in forma pauperis* action under this court's diversity jurisdiction seeking damages against defendants for medical malpractice. (ECF No. 1, Complaint.) By Memorandum and Order dated October 21, 2020, the action was dismissed for lack of subject matter jurisdiction with leave to replead. (ECF No. 7, Order Dismissing Complaint.) Plaintiff's amended complaint, filed November 16, 2020, seeks damages for the alleged medical malpractice by the defendant doctors and New York Presbyterian Hospital in the treatment of her breast cancer. (ECF No. 8, Amended Complaint.) The amended complaint does not cure the deficiencies of the original complaint and the action is, therefore, DISMISSED.

1

## **LEGAL STANDARD**

Under 28 U.S.C. §1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court must construe a *pro se* litigant's pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citations omitted). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber*

*v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

## DISCUSSION

As with her original complaint, plaintiff filed the amended complaint pursuant to the court's diversity jurisdiction.  (ECF No. 8, Amended Complaint at 1.)  Plaintiff's original complaint was dismissed for lack of subject matter jurisdiction.  (ECF No. 7, Order Dismissing the Complaint.)  The claims in the amended complaint also fail to establish subject matter jurisdiction; thus, the action must be dismissed as set forth below.

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte.*  If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-701 (2d Cir. 2000); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook

3

or elect not to press.")  Federal subject matter jurisdiction is available only where a "federal question" is presented, 28 U.S.C. § 1331, or where the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332.  The party asserting jurisdiction bears the burden of proof.  *DiTolla v. Doral Dental IPA of N.Y.*, 469 F.3d 271, 275 (2d Cir. 2006); *White v. Abney,* No. 17-CV-4286 (MKB), 2019 WL 1298452, at *2 (E.D.N.Y. Mar. 21, 2019) (the party seeking to assert diversity jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist "by a preponderance of the evidence.") (citations omitted).

It is axiomatic that, for diversity jurisdiction to be available, all of the adverse parties in a suit must be completely diverse with regard to citizenship*. See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.,* 160 F.3d 925, 930 (2d Cir.1998); *France v. Thermo Funding Co., LLC*, No. 13 Civ. 712(SAS), 2013 WL 5996148, at *2 (S.D.N.Y. Nov. 12, 2013) ("Federal jurisdiction may not be asserted on the basis of diversity unless 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'")(quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996)).

Plaintiff is a resident of New York.  (ECF No. 8, Amended Complaint at 1.)  Although plaintiff has not provided any information about the citizenship of the defendants, she provides New York mailing addresses for all four of the defendants.  (*Id*. at 2.)  Because plaintiff does not allege facts that the parties are diverse, the Court lacks diversity jurisdiction over plaintiff's claims.

The Court has considered whether it may exercise its federal question jurisdiction over this complaint and finds that it cannot. Although plaintiff alleges more detail regarding the duration and types of treatments she received for her recurring breast cancer and other medical problems, (*Id*. at 6-13), all of plaintiff's claims of negligence and medical malpractice arise under state law, not federal law, and should have been pursued in state court.  *See, e.g., Obunugafor v. Borchert*, 01-CV-3125, 2001 WL 1255929, at *2 (S.D.N.Y. Oct. 19, 2001) (Knapp, S.J.) (holding that plaintiff's claims for medical neglect and failure to diagnose amounted to a claim of negligence or malpractice under state law and did not raise a federal question.) Plaintiff has not alleged that her medical care was covered under any federal program or provision that would confer subject matter jurisdiction over this action.  Even reading the *pro se* complaint liberally, there is a total absence of facts suggesting the existence of a "colorable federal claim."  *See*

5

*Chestnut v. Wells Fargo Bank, N.A.*, No. 1 l-CV-5369, 2012 WL 601785, at \*3 (E.D.N.Y. Feb. 22, 2012).

<u>**CONCLUSION**</u>

Accordingly, the action is dismissed without prejudice for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully ordered to enter judgment in favor of defendant, serve a copy of this Order and the judgment on plaintiff at her last known address, note service on the docket, and close the case.

**SO ORDERED.**

Dated: April 5, 2021
      Brooklyn, New York

                              _____//s//_____
                              Kiyo A. Matsumoto
                              United States District Judge